IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAVON SANDERS,                                                                               PLAINTIFF
ADC #103433
                               CASE NO. 5:17-CV-306-JLH-BD

V.

WENDY KELLEY, et al.                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion**

Javon Sanders, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit on behalf of himself and Christopher Batson. (Docket entry #2) Mr. Sanders alleges that the ADC's failure to pay inmates adequate compensation for prison work assignments violates: the Fifth, Thirteenth, and Fifteenth Amendments; the United Nations International Covenant on Civil and Political Rights; the International

Declaration of Human Rights; and the Sherman Act. He states that he is bringing this lawsuit under *Bivens v. Six Unknown Agents*, 91 S.Ct. 1999 (1971). Mr. Sanders sues thirteen individuals in their official capacities only. He seeks both monetary damages and injunctive relief.

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any part of the complaint where the prisoner has raised claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b).

Unfortunately for Mr. Sanders, it is long settled that "[t]here is no constitutional right to prison wages and any such compensation is by grace of the state." *Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir. 1986) (citing *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968)).

Mr. Sanders also claims that the Defendants violated the United Nations International Covenant on Civil and Political Rights ("ICCPR"), an international treaty to which the United States is a party. The Court is unaware of any "judicial decision authorizing a private right of action under the ICCPR." *Ralk v. Lincoln County*, 81 F.Supp. 2d 1372 (S.D. Ga. 2000).

Likewise, Mr. Sanders's claim that Defendants violated the International Declaration of Human Rights fails for the same reason. *Sosa v. Alvarez-Machain*, 542

U.S. 692, 734-35 (2004) (the Universal Declaration of Human Rights does not provide a private right of action in federal courts).

Furthermore, Mr. Sanders should not be allowed to proceed on his claim under the Sherman Act. He claims that the Defendants violated the Sherman Act by "maintaining an illegal price scheme by requiring prisoners at [] several institutions of the ADC to work for no equitable remuneration to produce food and dairy products at its facilities." (#2 at p.35) He explains that "[a]s a result of these practices, it is undermining and prohibiting the competitive bidding for sales of food and dairy products to the ADC by private corporations." (*Id.* at p.36) His claim, however, is not well taken.

> To bring a federal antitrust claim, a private plaintiff must demonstrate that he has suffered an "antitrust injury" as a result of the alleged conduct of the defendants. An "antitrust injury" is an "injury of the type the antitrust laws were intended to prevent . . . that flows from that which makes defendants' acts unlawful."

*Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 542 (8th Cir. 2015) (internal citations omitted).

"To determine whether the requirements of antitrust standing are satisfied, [the Court must] consider the causal connection between the alleged antitrust violation and harm to the plaintiff, the directness or indirectness of the asserted injury, and the degree to which the alleged damages are speculative." *In re Canadian Imp. Antitrust Litig.*, 470 F.3d 785, 791 (8th Cir. 2006) (internal citations omitted). Here, Mr. Sanders has not alleged that he was prohibited from engaging in competitive bidding for the sale of food or dairy products to the ADC. As a result, he has not suffered an "antitrust injury" so as to have standing under the Sherman Act.

Moreover, claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S.Ct. 1999 (1971), are limited to claims against federal officials. *Patel v. U.S. Bureau of Prisons,* 515 F.3d 807, 812 (8th Cir. 2008) (*Bivens* allows for a cause of action for damages against federal officials . . . for certain constitutional violations"). Here, Mr. Sanders has not named any federal officials as Defendants.

Finally, Mr. Sanders's claims for money damages against the Defendants in their official capacities are barred by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).

### III. Conclusion

The Court recommends that Mr. Sanders's claims be DISMISSED, with prejudice, for failure to state a federal claim for relief. The Court further recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g); and that Judge Holmes certify that an *in forma pauperis* appeal of this dismissal would be frivolous.

DATED, this 27th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE